MARCELLE v TAUBMAN

Docket No. 192467. Submitted February 4, 1997, at Detroit. Decided June 17, 1997, at 9:00 A.M. Leave to appeal sought.

Ronald A. Marcelle brought an action in the Oakland Circuit Court against Robert S. and Linda S. Taubman, alleging, among other things, that the defendants discriminated against him on the basis of handicap, in violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, when they terminated his employment as major-domo of the defendants' household. The defendants moved for summary disposition, arguing that there existed no genuine issue with respect to the fact that the plaintiff was employed in domestic service and that, as a matter of law, they were entitled to a judgment because § 201(a) of the act, MCL 37.1201(a); MSA 3.550(201)(a), excludes individuals employed in domestic service from the protections of the act. The court, Rudy J. Nichols, J., denied the motion. The defendants appealed by leave granted.

The Court of Appeals *held*:

1. Where facts are undisputed, applying a statute to the facts is an issue of law for the court. This principle holds true where the case involves the application of undefined statutory words or phrases to undisputed facts.

2. The term "domestic service" is not defined by the Michigan Handicappers' Civil Rights Act. Giving that term its meaning as understood in common language and resorting to a dictionary, the term "domestic service," for purposes of the act, means the service of a person hired or employed primarily for the performance of household duties and chores, the maintenance of the home, and the care, comfort, and convenience of members of the household.

3. The plaintiff's employment as major-domo was domestic service for which the act affords no protection for the alleged discrimination based on handicap.

Reversed.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DOMESTIC SERVICE.

The protections of the Michigan Handicappers' Civil Rights Act do not extend to those employed in domestic service, i.e., those hired or employed primarily for the performance of household duties and

chores, the maintenance of the home, and the care, comfort, and convenience of members of the household; a major-domo is one such employee (MCL 37.1201[a]; MSA 3.550[201][a]).

*Gunsberg & Breskin, P.C.* (by *David B. Gunsberg*), for the plaintiff.

*Miro Weiner & Kramer, P.C.* (by *Bruce L. Segal*), for the defendants.

Before: WAHLS, P.J., and GAGE and W. J. NYKAMP*, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order denying their motion for summary disposition of plaintiff's handicappers' civil rights claim. We reverse.

Defendants hired plaintiff in 1984 as their butler. In 1987, defendants promoted plaintiff to the position of major-demo, i.e., household manager. On September 15, 1993, plaintiff was discharged. He filed this claim on September 12, 1994, alleging age discrimination, handicap discrimination, and retaliatory discharge. The trial court granted defendants' motion for summary disposition of plaintiff's age and retaliatory discharge claims. However, the trial court held that plaintiff had set forth sufficient facts to demonstrate a genuine issue of material fact with regard to handicap discrimination, and that whether plaintiff was a domestic employee was a question of fact.

Defendants argue that the trial court erred in denying their motion for summary disposition. We agree. In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* This Court reviews a trial court's decision regarding a motion for summary disposition de novo as a matter of law. *Miller v Farm Bureau Mutual Ins Co*, 218 Mich App 221, 233; 553 NW2d 371 (1996).

The Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, specifically excludes individuals employed in "domestic service" from protection under the act. MCL 37.1201(a); MSA 3.550(201)(a). Where facts are undisputed, applying a statute to the facts is an issue of law for the court. See *Zarka v Burger King*, 206 Mich App 409, 411; 522 NW2d 650 (1994). This principle holds true where the case involves the application of undefined statutory words or phrases to undisputed facts. See *Bajis v Dearborn*, 151 Mich App 533, 538; 391 NW2d 401 (1986).

It is true that the Supreme Court departed from this general rule in *DiFranco v Pickard*, 427 Mich 32; 398 NW2d 896 (1986). In that case, which arose under the no-fault act, the Court held:

> We therefore modify that portion of *Cassidy* [*v McGovern*, 415 Mich 483; 330 NW2d 22 (1982)] which held that the trial court must decide whether the plaintiff suffered a serious impairment of body function whenever there is no material factual dispute as to the nature and extent of the plaintiff's injuries. If reasonable minds can differ as to

whether the plaintiff suffered a serious impairment of body function, the issue must be submitted to the jury, even if the evidentiary facts are undisputed. [*DiFranco*, p 58.]

In making that holding, the Court recognized that the term "serious impairment" is not readily definable. *Id.*, p 50; see *Wills v State Farm Ins Cos*, 437 Mich 205, 210-211; 468 NW2d 511 (1991).

Outside the context of the no-fault act, *DiFranco* has not been used by Michigan courts to depart from the customary rule that where facts are undisputed, courts should apply statutory law to the facts as a matter of law. Indeed, in *Wills, supra*, p 210, the Court commented regarding the extraordinary nature of *DiFranco*:

In *DiFranco* we overturned prior case law by declaring that the "question whether the plaintiff suffered a serious impairment of body function must be submitted to the trier of fact whenever the evidence . . . is such that reasonable minds could differ as to the answer." This rule is in opposition to the customary rule requiring the jury to decide the facts and the judge to construe the law by interpreting statutory language. [Citation omitted.]

The Court also stated that "there were compelling reasons for departing from [the general] rule in *DiFranco*." *Wills, supra*, p 210.

We decline plaintiff's invitation to extend the holding of *DiFranco* to the facts of this case. Here, the statutory phrase "domestic service" does not lend itself to individualized interpretation by a jury. Rather, the standard for the phrase must be objective and external and it should be the same for all persons. *Wills, supra*, p 211. In addition, the interpretation of "domestic service" is an issue of first impression

before this Court. Unlike the circumstances in *DiFranco, supra,* pp 50, 56-57, there have been no disagreements among this Court's panels in interpreting this phrase. *Wills, supra,* p 211. Accordingly, where the facts are undisputed, the question whether a plaintiff's employment is encompassed by the statutory phrase "domestic service" under the HCRA is a question of statutory construction and presents an issue of law. Thus, the trial court erred in holding that the issue whether plaintiff was a domestic servant was a question of fact to be decided by the jury.

In interpreting a statute, this Court attempts to give effect to the intent of the Legislature as expressed in the statute. *People v Lee,* 447 Mich 552, 557; 526 NW2d 882 (1994). Where the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary. *Id.* Only if the statute is of doubtful meaning or ambiguous is the door open to a judicial determination of the legislative intent. *Id.*

The HCRA does not define "domestic service." However, simply because a phrase is undefined does not render a statute ambiguous. *Id.* Rather, undefined words are given meaning as understood in common language, taking into consideration the text and subject matter relative to which they are employed. *Id.,* pp 557-558. Where a statute does not define one of its terms, it is customary to look to a dictionary for a definition. *Id.,* p 558. Black's Law Dictionary (5th ed), p 435, defines "domestic servant" as:

> A person hired or employed primarily for the performance of household duties and chores, the maintenance of

the home, and the care, comfort and convenience of members of the household.

Using the plain meaning of "domestic service," plaintiff was employed as a domestic servant and is excluded from bringing suit under the HCRA. His job description included managing defendants' household, hiring and supervising defendants' staff of approximately twenty employees, answering doors and receiving guests, managing household expenditures, developing a reporting system for damage or breakage of household items and structural problems that needed repair, and scheduling staff members. Each of plaintiff's duties centered around running defendants' household and ensuring that defendants had a pleasant, comfortable, organized home. In fact, plaintiff admitted that his job was to create a "perfect" household. Although plaintiff argues that the size and scope of his job, in addition to his supervisory functions, except him from the definition of "domestic service," such an interpretation is not supported under the plain meaning of that phrase. Rather, the undisputed facts show that plaintiff was employed "primarily for the performance of household duties and chores, the maintenance of the home, and the care, comfort and convenience of members of the household." Accordingly, the trial court erred in denying defendants' motion for summary disposition with respect to plaintiff's HCRA claim. MCL 37.1201(a); MSA 3.550(201)(a).

Reversed. We do not retain jurisdiction. Defendants, being the prevailing party, may tax costs pursuant to MCR 7.219.