Cavanagh, P.J.
 

 Plaintiff appeals as of right from an order denying its motion for no-fault penalty interest, MCL 500.3142, and attorney fees, MCL 500.3148(1). We reverse and remand.
 

 Plaintiff filed this action against defendant, a no-fault insurer, as a consequence of defendant’s denials of plaintiff’s requests for payment for rehabilitation services rendered to Arthur Smith, defendant’s insured,
 
 [1]
 
 who was a pedestrian injured in a motor vehicle accident. Defendant denied plaintiff’s claims for payment, alleging that Smith was not struck by a motor vehicle. Subsequently, after plaintiff filed a motion for summary disposition that was supported by a plethora of evidence, defendant entered into a stipulated order granting plaintiff’s motion with regard to the issue of defendant’s liability. Further,
 
 *37
 
 defendant was ordered to pay plaintiff the full amount of “reasonable charges for the medical services rendered by Plaintiff” to Smith, an amount totaling $162,331.50. Thereafter, plaintiff filed a motion for no-fault penalty interest, MCL 500.3142, and attorney fees, MCL 500.3148(1). The trial court, citing
 
 Darnell v Auto-Owners Ins Co,
 
 142 Mich App 1; 369 NW2d 243 (1985), denied the motion, holding that plaintiff was not entitled to no-fault penalties because plaintiff was not the injured party. This appeal followed.
 

 Plaintiff argues that the trial court erred in denying its motion on the ground that only an injured party is entitled to enforce the penalty interest and attorney fee provisions of the no-fault act, MCL 500.3142, 500.3148(1). We agree.
 

 Statutory interpretation is a question of law subject to review de novo on appeal.
 
 Crowe v Detroit,
 
 465 Mich 1, 6; 631 NW2d 293 (2001). This Court first looks to the specific language of the statute to discern the Legislature’s intent.
 
 Charboneau v Beverly Enterprises, Inc,
 
 244 Mich App 33, 40; 625 NW2d 75 (2000). We presume that every word, phrase, and clause in the statute has meaning and avoid any construction that would render any part of the statute surplusage or nugatory.
 
 Bieber v Keeler Brass Co,
 
 209 Mich App 597, 604; 531 NW2d 803 (1995). If the plain and ordinary meaning of the language of the statute is clear, judicial construction is inappropriate.
 
 Ypsilanti Housing Comm v O'Day,
 
 240 Mich App 621, 624; 618 NW2d 18 (2000).
 

 In this case, defendant did not dispute that plaintiff had the legal right to commence this action for payment of medical services rendered to defendant’s insured. The issue, however, is whether plaintiff had
 
 *38
 
 the right to attempt enforcement of the penalty interest and attorney fee provisions of the no-fault act as a consequence of defendant’s failure to pay plaintiff for medical services rendered to defendant’s injured insured within the time limits imposed by the no-fault act. To resolve this issue, we review the relevant no-fault statutes.
 

 MCL 500.3105(1) provides: “Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.” MCL 500.3112 provides, in pertinent part:
 

 Personal protection insurance
 
 benefits are payable to or for the benefit of
 
 an injured person or, in the case of his death, to or for the benefit of his dependents. Payment by an insurer in good faith of personal protection insurance benefits, to or
 
 for the benefit of
 
 a person who it believes is entitled to the benefits, discharges the insurer’s liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. [Emphasis added.]
 

 MCL 500.3142 provides:
 

 (1) Personal protection insurance benefits are payable as loss accrues.
 

 (2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. . . .
 

 (3) An overdue payment bears simple interest at the rate of 12% per annum.
 

 These statutes resolve in favor of plaintiff the issue whether plaintiff, a health care provider, is entitled to attempt enforcement of the penalty interest provision
 
 *39
 
 of the no-fault act. MCL 500.3105(1) imposes liability on an insurer to pay personal protection insurance benefits. These benefits are “payable to or for the benefit of an injured person
 
 . ”
 
 MCL 500.3112. These “benefits are payable as loss accrues” and “within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained.” MCL 500.3142(1) and (2). Because plaintiff submitted a claim for personal protection insurance benefits for the benefit of Smith, the injured person and defendant’s insured, plaintiff was entitled to payment within thirty days of defendant’s receipt of reasonable proof of the medical services provided and the cost of such services. Consequently, plaintiff was entitled to attempt enforcement of the penalty interest provision of the no-fault act, MCL 500.3142.
 

 Further, contrary to the trial court’s conclusion, the fact that plaintiff was not the injured person is not dispositive. MCL 500.3112 specifically contemplates the payment of benefits to someone other than the injured person as reflected by its inclusion of the phrase “benefits are payable to or for the benefit of an injured person” and by its discharge of an insurer’s liability upon payment made in good faith to a payee “who it believes is entitled to the benefits . ...” As a result, it is common practice for insurers to directly reimburse health care providers for services rendered to their insureds. See, e.g.,
 
 Mercy Mt Clemens Corp v Auto Club Ins Ass’n,
 
 219 Mich App 46, 48; 555 NW2d 871 (1996);
 
 McGill v Automobile Ass’n of Michigan,
 
 207 Mich App 402, 404; 526 NW2d 12 (1994);
 
 Hicks v Citizens Ins Co of America,
 
 204 Mich App 142, 145; 514 NW2d 511 (1994). Moreover, MCL 500.3142 does not limit the right to seek penalty interest solely to
 
 *40
 
 the injured person and if the Legislature intended to limit the penalty interest provision, it could have done so. MCL 500.3142(1) could have been written as “[p]ersonal protection insurance benefits are payable
 
 to the injured person
 
 as loss accrues.” However, the judiciary may not engraft such a limitation under the guise of statutory construction. See
 
 Hagerman v Gencorp Automotive,
 
 457 Mich 720, 729; 579 NW2d 347 (1998). Therefore, the trial court improperly denied plaintiff the right to attempt enforcement of the penalty interest provision, MCL 500.3142; accordingly, we reverse and remand for a determination whether payments for medical services rendered by plaintiff were overdue.
 

 Next, we consider whether plaintiff was entitled to attempt enforcement of the attorney fee provision of the no-fault act. MCL 500.3148(1) provides:
 

 An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney’s fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.
 

 Defendant contends that the word “claimant” means that only the injured person may pursue attorney fees. However, undefined words contained in statutes are given meaning as understood in common language, considering the text and subject matter in which they are used.
 
 Maxwell v Citizens Ins Co of America,
 
 245 Mich App 477, 482; 628 NW2d 95 (2001);
 
 Marcelle v Taubman,
 
 224 Mich App 215, 219; 568 NW2d 393 (1997). We also may refer to a dictionary for the definition of a word that is not defined in the
 
 *41
 
 statute.
 
 Maxwell, supra; Marcelle, supra.
 
 The word “claimant” is defined as “a person who makes a claim.”
 
 Random House Webster’s College Dictionary
 
 (1997). The relevant dictionary definitions of the word “claim” include “a demand for something as due; an assertion of a right or an alleged right,” and “a request or demand for payment in accordance with an insurance policy
 
 . ...” Id.
 

 In this case, as discussed above, because plaintiff properly submitted a claim for personal protection insurance benefits for the benefit of defendant’s insured, plaintiff was entitled to such payment within the time limits imposed by the no-fault act. Consequently, plaintiff was a claimant within the plain meaning of the statute and, thus, had the right to attempt recovery of its attorney fees expended in pursuit of recovering overdue benefits. Therefore, the trial court improperly denied plaintiff the right to attempt enforcement of MCL 500.3148(1); accordingly, we reverse and remand for a determination whether defendant unreasonably refused or delayed payment of plaintiff’s claim.
 
 [2]
 

 Further, the trial court’s reliance on
 
 Darnell, supra,
 
 was misplaced because
 
 Darnell
 
 is factually distinguishable. In
 
 Darnell,
 
 the injured party was denied no-fault benefits by his alleged insurer, Auto-Owners Insurance Company, on the ground that the insurance policy was void. Pursuant to MCL 500.3172, State Farm Mutual Automobile Insurance Company was assigned the claim by the assigned claims facility. Thereafter, the injured party brought an action
 
 *42
 
 against Auto-Owners that resulted in the trial court’s holding that Auto-Owners was liable for the injured party’s no-fault benefits. Consequently, State Farm sought no-fault penalty interest and attorney fees from Auto-Owners, which the trial court denied. This Court affirmed, holding that State Farm was an assigned claims facility representative and did not represent a claimant in an action for no-fault benefits that were overdue.
 
 Darnell, supra
 
 at 14.
 

 In the present case, plaintiff was not an assigned claims insurer seeking no-fault penalty interest and attorney fees from another insurer. Plaintiff was a health care provider that had the right to, and did, submit claims for medical benefits for the benefit of defendant’s insured. Plaintiff’s claims were repeatedly denied, forcing plaintiff to commence legal action against defendant that led to full recovery of the benefits, in payment for plaintiff’s services. Consequently,
 
 Darnell, supra,
 
 is inapposite and not dispositive of the issue presented in this case.
 

 Further, contrary to defendant’s arguments on appeal, the imposition of the penalty provisions of the no-fault act in these circumstances furthers the purpose and goal of the no-fault act. The no-fault system was adopted in an effort to eradicate problems inherent in the tort liability system, significantly, long payment delays, high legal costs, and an overburdened court system. See
 
 Shavers v Attorney General,
 
 402 Mich 554, 578-579; 267 NW2d 72 (1978). The goal of the no-fault system was “to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses.”
 
 Id.
 
 at 579. The no-fault act does not, however, accomplish its purpose or goal by sanctioning actions of no-fault insur
 
 *43
 
 ers that include unreasonable payment delays and denials of no-fault benefits that force the commencement of legal action by the injured person’s health care provider.
 

 Moreover, the no-fault act may not be used by a no-fault insurer as a vehicle to shift the burden of the injured person’s economic loss to a health care provider or as a weapon against rightful payees to a payee’s unjustified economic detriment. This case presents an example of the economic burden that is often imposed on health care providers who render services to an insurer’s injured insured. Plaintiff rendered $162,331.50 worth of health care services to defendant’s insured and, despite repeated claims for payment beginning in January 1998, plaintiff did not receive any payment whatsoever. Finally, after plaintiff commenced legal action, defendant agreed, in June 1999, that plaintiff was entitled to such payment but only after plaintiff had incurred the loss of income, the use of that income, the interest it would bear, its investment potential, and the additional expense of legal action. Failing to permit the attempted enforcement of the penalty provisions in situations involving unreasonable and unjustified payment behavior would reward that behavior while ignoring the cost exacted at the expense of a rightful no-fault benefit payee.
 

 Finally, the enforcement of these penalty provisions against a recalcitrant no-fault insurer also serves to offer some protection against further economic loss faced by an injured person. The impermissible payment behavior of an insurer has an economic effect on the injured person, both directly and indirectly, usually in the form of damaged credit ratings, difficul
 
 *44
 
 ties in securing health care services, harassment, and lawsuits initiated by health care providers for reimbursement. Permitting the imposition of these penalty provisions by health care providers provides a legitimate and enforceable incentive to no-fault insurers to perform their payment obligations, imposed by operation of law, in a reasonable and prompt manner. Similarly, health care providers have incentive to submit reasonable payment claims because no-fault insurers axe permitted to recover attorney fees for defending against a claim “that was in some respect fraudulent or so excessive as to have no reasonable foundation.” MCL 500.3148(2).
 

 In sum, plaintiff was entitled to attempt enforcement of the penalty interest, MCL 500.3142, and attorney fees, MCL 500.3148(1), provisions of the no-fault act. This result is consistent with the purpose and goal of the no-fault system in that it promotes the reasonable and prompt payment of no-fault benefits to rightful payees, minimizes the likelihood of a no-fault payee’s unjustified economic loss, and mitigates the potential for litigation predicated on such claims.
 

 Reversed and remanded for a determination whether plaintiff is entitled to no-fault penalty interest and attorney fees pursuant to MCL 500.3142, 500.3148(1). We do not retain jurisdiction.
 

 [1]
 

 Pursuant to MCL 500.3172
 
 et seq.,
 
 defendant was Smith’s assigned claims insurer because no personal protection insurance applicable to the injury could be identified.
 

 [2]
 

 Our resolution of the issues on appeal renders plaintiffs assignment argument moot.