# STATE OF MICHIGAN

# COURT OF APPEALS

COVENANT MEDICAL CENTER, INC.,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

FOR PUBLICATION
October 22, 2015
9:05 a.m.

No. 322108
Saginaw Circuit Court
LC No. 13-020416-NF

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, Covenant Medical Center, Inc. (Covenant Medical), appeals by right the circuit court's order granting summary disposition to defendant State Farm Automobile Insurance Company (State Farm) pursuant to MCR 2.116(C)(7) (claim barred by release). For the reasons stated in this opinion, we reverse.

In 2011, State Farm's insured, Jack Stockford, was injured in a motor vehicle accident. In 2012, Covenant Medical provided medical services to Stockford for the injuries he sustained. Covenant Medical billed State Farm $43,484.80 for those services, sending bills in July, August, and October of 2012. In November of 2012, State Farm responded to the bills in writing. Subsequently, on April 2, 2013, in exchange for payment of $59,000, Stockford entered into a written agreement with State Farm that purported to release State Farm from liability "regarding all past and present claims incurred through January 10, 2013" as a result of the 2011 accident.

Thereafter, Covenant Medical filed the instant action, alleging that State Farm had unreasonably refused to pay $43,484.80 for the medical services rendered to Stockford. State Farm moved for summary disposition, arguing that Covenant Medical's claims were barred by the settlement payments from State Farm to Stockford and the release signed by him as part of that settlement. The trial court concluded that the release barred Covenant Medical's claims and granted summary disposition in favor of State Farm.

-1-

On appeal, Covenant Medical argues that because it provided written notice to State Farm regarding the medical services provided to Stockford, it is entitled to pursue the $43,484.80, along with penalties, interests, and costs.[1]  We agree.

Resolution of the issue involves the application of MCL 500.3112.  "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language."  *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011) (quotation omitted).  "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used."  *Id*. (citation omitted).  "If the plain and ordinary meaning of the language of the statute is clear, judicial construction is inappropriate."  *Lakeland Neurocare Ctrs v State Farm Mut Auto Ins*, 250 Mich App 35, 37; 645 NW2d 59 (2002).  "When construing a statute, a court must read it as a whole."  *Klooster v City of Charlexvoix*, 488 Mich 289, 296; 795 NW2d 578 (2011).

MCL 500.3112 provides in pertinent part:

Personal protection insurance benefits are payable to or for the benefit of an injured person or, in the case of his death, to or for the benefit of his dependents.  *Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person*.  If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate.  [emphasis added.]

MCL 500.3112 provides that if the insurer does not have notice in writing of any other claims to payment for a particular covered service, then a good faith payment to its insured is a discharge of its liability for that service.  However, the plain text of the statute provides that if the insurer has notice in writing of a third party's claim, then the insurer cannot discharge its liability to the third party simply by settling with its insured.  Such a payment is not in good faith because the insurer is aware of a third party's right and seeks to extinguish it without providing notice to the affected third party.  Instead, the statute requires that the insurer apply to the circuit court for an

---

[1] We review de novo a trial court's decision on a motion for summary disposition, *Sholberg v Truman*, 496 Mich 1, 6; 852 NW2d 89 (2014).  "Questions of statutory interpretation are also reviewed de novo."  *Elba Twp v Gratiot County Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013).

appropriate order directing how the no-fault benefits should be allocated. That was not done in this case. Accordingly, pursuant to the plain language of the statute, because State Farm had notice in writing of Covenant Medical's claim, State Farm's payment to Stockford did not discharge its liability to Covenant Medical.

State Farm relies on *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442; 830 NW2d 781 (2013). However, the rule applied in that case does not apply here. The issue presented in *Mich Head & Spine* was "whether an insured's release bars a healthcare provider's claim for payment for medical services rendered to the insured *after the release was executed*." *Id*. at 448 (emphasis added). The circumstances presented in *Mich Head & Spine* did not implicate MCL 500.3112 while the instant case does. Where the relevant services were rendered and the insured received notice of the provider's claim *before* the settlement occurred, the payment and release does not extinguish the provider's rights.

State Farm also relies on *Moody v Home Owners Ins Co*, 304 Mich App 415; 849 NW2d 31 (2014). *Moody* made it clear that the source of a provider's right to no-fault benefits is based on the insured's right to benefits. *Id*. at 442. However, it is also well-settled that a medical provider has independent standing to bring a claim against an insurer for the payment of no-fault benefits. *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 396-397; ___ NW2d ___ (2014); *Moody*, 304 Mich App at 440; *Mich Head & Spine*, 299 Mich App at 448 n 1; *Lakeland Neurocare Ctrs*, 250 Mich App at 42-43; *Regents of Univ of Michigan v State Farm Mut Ins Co*, 250 Mich App 719, 733; 650 NW2d 129 (2002). And, while a provider's right to payment from the insurer is created by the right of the insured to benefits, an insured's agreement to release the insurer in exchange for a settlement, does not release the insurer as to the provider's noticed claims unless the insurer complies with MCL 500.3112. This is implicitly recognized in the text of the release itself, which provides that Stockford agreed to "indemnify, defend and hold harmless" State Farm "from any liens or demands made by any provider, . . . including, . . . Covenant Medical . . . for payments made or services rendered . . . in connection with any injuries resulting" from the accident.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro