# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXIS JERIESHA PERRYMAN,

      Plaintiff,

and

PHYSIOFLEX, PLLC, and GL
TRANSPORTATION, LLC,

      Intervening Plaintiffs-Appellants,

and

SUMMIT PHYSICIANS GROUP, PLLC,

      Intervening Plaintiff,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

      Defendant-Appellee,

and

DEVIN TAYLOR MILLARD,

      Defendant.

UNPUBLISHED
December 13, 2016

No. 328582
Wayne Circuit Court
LC No. 14-008204-NI

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Intervening plaintiffs, Physioflex and GL Transportation (intervening plaintiffs), appeal as of right an order granting defendant Farm Bureau Mutual Insurance Company's motion to dismiss all claims, including intervening plaintiffs' claims. On appeal, intervening plaintiffs argue that the dismissal of plaintiff, Alexis Perryman's (Perryman), claim with prejudice has no bearing on their standing to bring an independent action as medical providers and that, even if

-1-

their claim is dependent on Perryman's claim, the trial court erred when it dismissed Perryman's claim as a sanction for her failure to follow the trial court's order and to appear at her deposition. We reverse the trial court's order and remand for further proceedings.

This case arises from a motor vehicle accident that occurred on June 9, 2013, where Perryman was injured while operating her mother's uninsured vehicle. Perryman sought personal protection insurance (PIP) benefits through the Michigan Assigned Claims Plan in November, 2013, and Farm Bureau was assigned Perryman's claim. Perryman filed this action on June 25, 2014, alleging that Farm Bureau wrongfully refused to pay her PIP benefits, including medical, rehabilitative, and physical therapy expenses. Approximately two months later, intervening plaintiffs filed their intervener complaint, alleging that they were entitled to reimbursement from Farm Bureau for medical and transportation services they provided to Perryman.

On December 2, 2014, Perryman's attorney informed Farm Bureau that he had not been in contact with Perryman and stated that he was going to withdraw as counsel. Perryman's attorney cancelled Perryman's deposition scheduled for December 16, 2014, and then filed a motion to withdraw. Around the same time, Farm Bureau filed a motion to extend discovery so that Perryman's deposition could be rescheduled. At the motion hearing regarding the two motions, Farm Bureau's counsel explained that there was trouble contacting Perryman and requested that the window for discovery be extended. Perryman's attorney requested to withdraw from the case, explaining that he had not been in contact with Perryman since the case had been filed. The trial court granted both motions, and issued an order, which states in pertinent part:

> It is further hereby ordered that [Perryman] shall retain counsel within thirty (30) days. [Perryman] must notify the [c]ourt in writing within thirty (30) days of her new counsel or her intention of proceeding pro per.

Perryman's attorney told the trial court he would attempt to notify Perryman of the order. However, Perryman never informed the trial court in writing that she had either retained new counsel or was willing to proceed *in propria persona*. On April 14, 2015, Farm Bureau sent Perryman a letter notifying her that her deposition was rescheduled. Perryman, however, failed to appear at the deposition. Farm Bureau then filed its motion for dismissal, arguing that Perryman's case should be dismissed with prejudice because she violated MCR 2.504(B)(1) and MCR 2.313(D)(1)(a) by failing to follow the trial court's order and for failing to attend her deposition. And because Perryman's case should be dismissed, Farm Bureau argued, intervening plaintiffs' claims also had to be dismissed.

At the hearing on Farm Bureau's motion for dismissal, the trial court granted the motion as to all claims, giving the following reasons:

> *The Court*: Yeah, [Perryman] hasn't complied with the court orders, the [c]ourt's granting the motion. The case is dismissed.
>
> [*Intervening Plaintiffs' Counsel*]: Your Honor --
>
> *The Court*: You can submit the order.

> *Intervening Plaintiffs' Counsel*:  May I, can I say one more thing about the order, Your Honor?

> *The Court*:  Yes.

> *Intervening Plaintiffs' Counsel*:  The order was not to compel her deposition.

> *The Court*:  [Perryman has] been given notice of the deposition, she had 30 days to obtain counsel and didn't do [sic], so the case is dismissed.

The trial court dismissed all claims with prejudice, including intervening plaintiffs' claims.

Intervening plaintiffs first argue that regardless of whether Perryman's claim was properly dismissed, they have an independent cause of action against Farm Bureau.  We disagree.  While this Court "reviews for an abuse of discretion a trial court's decision to dismiss an action," *Gay v Select Specialty Hosp*, 295 Mich App 284, 307; 813 NW2d 354 (2012), this issue requires the interpretation of the no-fault act which is an issue of law that is reviewed de novo.  *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002).

Under MCL 500.3112, "Personal protection insurance benefits are payable to or *for the benefit* of an injured person or, in case of his death, to or for the benefit of his dependents." (emphasis added).  In *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 401; 864 NW2d 598 (2014), this Court reaffirmed that "the plain language of MCL 500.3112 [allows] healthcare providers to maintain direct causes of action against insurers to recover PIP benefits under the no-fault act."  Accordingly, "[h]ealthcare provider standing also offers a healthcare provider a remedy when an injured individual does not sue an insurer for unpaid PIP benefits, thus preventing inequitable payment structure and promoting prompt reparation."  *Id*. at 402.  However, while "it is [ ] well settled that a medical provider has independent standing to bring a claim against an insurer for the payment of no-fault benefits," *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 313 Mich App 50, 54; 880 NW2d 294 (2015), a medical provider also "[stands] in the shoes of the named insured" and cannot recover benefits if the insured cannot recover benefits, *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424; 864 NW2d 609 (2014); *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43-44; 795 NW2d 229 (2010).

Perryman failed to abide by the trial court's order to retain new counsel and failed to appear at her deposition.  For these reasons, Perryman's claim was dismissed pursuant to MCR 2.504(B)(1), MCR 2.313(B)(2)(c), and MCR 2.313(D)(1)(a).  The trial court's order specified that the dismissal was with prejudice and, under MCR 2.504(B)(3), it "operates as an adjudication on the merits."  Accordingly, "[i]n the absence of any language in an order of dismissal limiting the scope of the merits decided, the court rule plainly provides that the order operates as an adjudication of the *entire merits of a plaintiff's claim*." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 419; 733 NW2d 755 (2007) (emphasis added).  Therefore, because the dismissal of Perryman's claim for no-fault benefits was considered an adjudication on the entire merits of Perryman's claim, intervening plaintiffs would "stand in the shoes" of Perryman and would not be entitled to recover PIP benefits.

This Court recently resolved the issue of whether service providers are precluded from seeking reimbursement from a no-fault insurer when the injured plaintiffs' underlying first-party no-fault claims are dismissed with prejudice for a discovery violation. *Dawoud v State Farm Mut Auto Ins Co*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 327915); slip op at 2, 4. In *Dawoud*, the trial court dismissed the injured plaintiffs' no-fault claims with prejudice when the plaintiffs failed to attend their depositions and violated the trial court's discovery orders. *Id*. at ___; slip op at 2. The trial court also dismissed the service providers' claims, but the dismissal was later set aside. *Id*. n 2. Consequently, State Farm, the no-fault insurer, sought summary disposition arguing that the dismissal of the injured plaintiffs' claims "operated as an adverse adjudication on the merits pursuant to MCR 2.504" and barred the service providers from proceeding with their claims. *Id*.

On appeal, State Farm and the service providers agreed that a "substantive" dismissal of the injured plaintiffs' claims would preclude the service providers from obtaining reimbursement from the no-fault insurer. *Id*. at ___; slip op at 3-4. The issue, instead, was "whether the dismissal of [the] plaintiffs' underlying claims with prejudice due to discovery violations should be treated differently than a 'substantive' dismissal 'on the merits.' " *Id*. at ___; slip op at 4. This Court held that the service providers' claims were derivative of the injured plaintiffs' claims, and therefore, when the injured plaintiffs' claims were dismissed on the merits for a discovery violation pursuant to MCR 2.504(B)(3), the service providers' claims were similarly precluded. *Id*. at ___; slip op at 4-5. Here, as in *Dawoud*, Perryman's dismissal for violating a court order and failing to attend her deposition operated as an adjudication on the merits under MCR 2.504(B)(3), and intervening plaintiffs are similarly barred from seeking reimbursement.

This case is similar to *Bahri*, 308 Mich App at 422, where multiple medical providers sought reimbursement for services they provided to the injured plaintiff. This Court held that because the plaintiff's no-fault claim was barred due to a fraud exclusion in his insurance policy, the medical providers' claims were similarly barred because they "stand in the shoes of [the] plaintiff." *Id*. at 426. Here, as in *Bahri*, if Perryman, the injured insured, is not entitled to PIP benefits, then intervening plaintiffs, as medical providers, will not be entitled to reimbursement.

Both parties rely on *Chiropractors Rehab Group, PC v State Farm Mut Auto Ins Co*, 313 Mich App 113, 117-119; 881 NW2d 120 (2015), a consolidated case where multiple medical providers filed claims and sought reimbursement for services they provided to two different passengers. In that case, the two injured passengers failed to attend their medical examinations (ME) and examinations under oath (EUO). *Id*. at 117-119. The defendant insurer challenged the medical providers' standing to bring an action against an insurer. *Id*. at 121-122. While this Court concluded that medical providers do have standing "to bring a claim against an insurer in order to enforce the provider's right to be reimbursed for medical services," *id*. at 124, a healthcare provider's claim is also dependent on the injured party's entitlement to benefits. *Id*. at 130. Because the passengers' failure to undergo the mandatory MEs and EUOs only amounted to a suspension of benefits, this Court held that "the injured parties' failure to comply does not conclusively establish the ineligibility of the injured parties to PIP benefits and plaintiffs' related inability to recover payment for services from [the defendant insurer]." *Id*. at 135. Instead, the insurer in *Chiropractors* "remained statutorily obligated to pay benefits in a timely manner if the injured parties complied with the requirements of the no-fault act, which includes submitting to an ME if requested, demonstrating they are eligible for benefits under the policy, and providing

'reasonable proof of the fact and of the amount of loss sustained.'" *Id*. at 135-136 (footnotes omitted). Here, unlike in *Chiropractors*, if Perryman's claim was properly dismissed with prejudice, then Farm Bureau is no longer statutorily obligated to pay Perryman's no-fault claim or intervening plaintiffs' claims for reimbursement.

But, intervening plaintiffs argue, even if their claims are dependent on Perryman's claim, the trial court should not have dismissed Perryman's claim in the first instance. We agree.

The dismissal of a case for failing to comply with a court order is reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "The interpretation of court rules is a question of law, which is reviewed de novo." *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 287; 731 NW2d 29 (2007).

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). MCR 2.504(B)(1) provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Importantly, "[u]nless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule . . . operates as an adjudication on the merits." MCR 2.504(B)(3).

Under MCR 2.313(D)(1)(a), if a party fails "to appear before the person who is to take his deposition, after being served with a proper notice . . . on motion, the court in which the action is pending may order such sanctions as are just. Among others, it may take an action authorized under subrule (B)(2)(a), (b), and (c)." Pursuant to MCR 2.313(B)(2)(c), a court may sanction a party by issuing "an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, *dismissing the action or proceeding* or a part of it, or rendering a judgment by default against the disobedient party[.]" (Emphasis added.)

Dismissal is, however, a drastic sanction and "[o]ur legal system favors disposition of litigation on the merits." *Vicencio v Jaime Ramirez MD, PC*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995). Therefore, the trial court must have considered several factors before ordering dismissal:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Woods*, 277 Mich App at 631, quoting *Vicencio*, 211 Mich App at 507.]

"This list should not be considered exhaustive," and "the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506-507.

Intervening plaintiffs argue that the trial court abused its discretion when it dismissed Perryman's claim with prejudice. As a preliminary matter, we note that the parties failed to address whether intervening plaintiffs, as service providers, may challenge Perryman's dismissal. "To maintain an appeal, a person must ordinarily be 'aggrieved' by the lower court's decision." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007), citing *Dep't of Consumer & Indus Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999). The term "aggrieved party" is defined as "one whose legal right is invaded by an action, or whose pecuniary interest is directly or adversely affected by a judgment or order. It is a party who has an interest in the subject matter of the litigation." *Shah*, 236 Mich App at 385 (quotation marks and citations omitted). Because intervening plaintiffs' claims derive from Perryman's claim, and intervening plaintiffs actually stand in the shoes of Perryman in order to recover, intervening plaintiffs have standing to challenge Perryman's dismissal on appeal.

In this case, Perryman violated the court's order by failing to either retain an attorney or inform the trial court that she would continue *in propria persona*. Dismissal for the violation of a court order is a proper sanction pursuant to MCR 2.504(B)(1). Additionally, Perryman failed to attend her rescheduled deposition. The failure to attend one's own deposition allows a court to impose sanctions under MCR 2.313(D)(1)(a), and dismissal is one appropriate sanction under MCR 2.313(B)(2)(c). Despite intervening plaintiffs' argument, MCR 2.313(D)(1)(a) does not require that dismissal be based on the violation of a discovery order. Instead, MCR 2.313(D)(1)(a) only provides that if a party fails "to appear before the person who is to take his or her deposition, after being served with a proper notice . . . on motion, the court in which the action is pending may order such sanctions as are just. Among others, it may take an action authorized under subrule (B)(2)(a), (b), and (c)." One action authorized under MCR 2.313(B)(2)(c) is dismissal. Therefore, because Perryman failed to appear for her deposition and defendant filed a motion to dismiss in response, the trial court could order the sanction of dismissal.

Intervening plaintiffs make a number of arguments as possible grounds for the trial court's improper dismissal of Perryman's claim, but none hold merit. Intervening plaintiffs argue that Perryman never received notice of Farm Bureau's motion for dismissal and the notice for taking her deposition. However, the record shows that Farm Bureau provided proper notice in both situations. Under MCR 2.107(C), service can be made by first class mail, which is how Farm Bureau notified Perryman of its motion for dismissal. As for the notice to take a deposition, MCR 2.306(B) requires only that parties be given "reasonable notice." Here, a letter was mailed to Perryman stating the date, time, and location of her deposition, which is what MCR 2.306(B)(1)(a) and (b) require. For these reasons, intervening plaintiffs' arguments are meritless.

However, this Court has upheld the longstanding principle that, when a trial court imposes the sanction of dismissal with prejudice for procedural violations, the trial court is required to carefully evaluate all available options on the record. See, e.g., *Grimm v Treasury Dept*, 291 Mich App 140, 150; 810 NW2d 65 (2010); *Brenner v Kolk*, 226 Mich App 149, 163-164; 573 NW2d 65 (1997); *Vicencio*, 211 Mich App at 507; *Mink v Masters*, 204 Mich App 242, 244; 514 NW2d 235 (1994). In this case, the trial court proclaimed, "Yeah, [plaintiff] hasn't complied with the court orders, [sic] the [c]ourt's granting the motion," and then stated, "[plaintiff has] been given notice of the deposition, she had 30 days to obtain counsel and didn't

do [sic], so the case is dismissed." While the trial court briefly explained why it was dismissing Perryman's claim, it did not consider any lesser sanction on the record.

Moreover, the trial court's dismissal included all parties. Therefore, it should have at least considered the impact of the sanction on all affected parties and whether a lesser sanction would have better served the interests of justice. The record shows that intervening plaintiffs presented proof that they were entitled to reimbursement, complied with the trial court's orders, and in no way delayed or disregarded their obligations to the trial court or defendants. Given that the trial court must evaluate other available options on the record and determine "whether a lesser sanction would better serve the interests of justice," the trial court abused its discretion when it did neither. *Vicencio*, 211 Mich App at 506-507.

On remand, the trial court should consider any possible lesser sanctions. For instance, a dismissal without prejudice would allow intervening plaintiffs to maintain their actions against Farm Bureau. This is because "[a] dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015) (quotation marks and citations omitted). Therefore, because a dismissal without prejudice operates as if no suit had ever been brought, intervening plaintiffs may still be able to maintain a direct action against Farm Bureau to pursue reimbursement, even after Perryman's dismissal.

This conclusion is in line with *Wyoming*, 308 Mich App at 401-402, which recognized that medical providers have standing to bring a claim even when an injured claimant "does not sue an insurer for unpaid PIP benefits." More recently, this Court held in *Chiropractors* that, even when PIP benefits are suspended, a medical provider's claim was not entirely barred because there was no final disposition as to the claimant's entitlement to benefits. *Chiropractors*, 313 Mich App at 135. Here, as in *Wyoming* and *Chiropractors*, if the subject of litigation remains open, then there has not been a determination as to whether Perryman is entitled to PIP benefits, and equally whether intervening plaintiffs are entitled to reimbursement.

Farm Bureau claims that it will be prejudiced if intervening plaintiffs are allowed to pursue their claims because without Perryman's deposition testimony it could not determine facts material to its defenses. This argument is meritless. This Court held in *Wyoming* that medical providers can pursue reimbursement for services provided to insureds who do not sue for unpaid PIP benefits. *Wyoming*, 308 Mich App at 402. For that reason, Farm Bureau is in no worse a position than if Perryman never filed a claim. For instance, if Perryman was not a party to the lawsuit and failed to appear for her deposition, intervening plaintiffs' claims would not face dismissal for a discovery violation—even though Farm Bureau was unable to depose Perryman.

In conclusion, the trial court's blanket dismissal of the entire case without any consideration of other possible sanctions on the record was outside a range of principled outcomes and constituted an abuse of discretion. See *Vicencio*, 211 Mich App at 506-507.

Therefore, Perryman's claim was improperly dismissed with prejudice and intervening plaintiffs' claims, which are dependent on Perryman's claim, should not have been dismissed.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra