# STATE OF MICHIGAN

# COURT OF APPEALS

GRACE TRANSPORTATION, INC., STEFAN GLOWACKI, JOSEPH MEDICAL SUPPLY, and UTICA PHYSICAL THERAPY,

Plaintiffs-Appellants,

v

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
January 31, 2017

No. 329276
Wayne Circuit Court
LC No. 14-016070-NF

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

In this action for the recovery of no-fault benefits, plaintiffs appeal the trial court's order that granted summary disposition in favor of defendant insurer. Plaintiffs are medical, physical therapy, transportation, and medical-supply providers that seek to recover payment for services rendered to the insured, Ester Hermez, who was injured in an automobile accident. For the reasons provided below, we affirm.

## I. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Bernardoni v City of Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016). Defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10) and (C)(7).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When ruling under this subrule, the Court considers all affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties and views them in the light most favorable to the party opposing the motion. *Id*. The motion is properly granted when (1) the proffered evidence fails to establish a genuine issue regarding any material fact and (2) the moving party is entitled to judgment as a matter of law. *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011).

A motion brought under MCR 2.116(C)(7) is properly granted if, among other things, a "prior judgment" bars the current action.

-1-

The applicable standard of review under MCR 2.116(C)(7) requires us to accept all plaintiff's well-pleaded allegations as true and to construe them most favorably to the plaintiff. In reviewing a C(7) motion, the court must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery. [*Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 396-397; 509 NW2d 829 (1993) (citation omitted).]

## II. ANALYSIS

In *Dawoud v State Farm Mut Auto Ins Co*, ___ Mich App ___; ___ NW2d ___ (Docket Nos. 327915 & 327927, issued October 18, 2016); slip op, p 4, this Court concluded that a service provider's claim for personal protection insurance (PIP) benefits is, in some circumstances, "*derivative* of the injured party's claim to PIP benefits" and that where the injured party's claim against an insurer for PIP benefits is dismissed for discovery violations, the service provider's claim should likewise be dismissed. In *Dawoud*, which involved a consolidated appeal, two of the same service providers that are parties to the present appeal, Grace Transportation, Inc., and Utica Physical Therapy (the service providers) intervened by stipulation in a case where the individual plaintiffs, allegedly involved in motor vehicle accidents, sued State Farm for PIP benefits. *Id*. at ___ (slip op at 2). After the plaintiffs failed to comply with discovery orders and did not attend three scheduled depositions, the trial court dismissed their claims with prejudice. *Id*. In the separate action brought by the service providers, State Farm moved for summary disposition and argued that where the individual plaintiffs' claims were dismissed, this amounted to an adjudication on the merits pursuant to MCR 2.504, which barred the service providers from pursuing their claims. *Id*.

While the service providers relied on this Court's decision in *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389; 864 NW2d 598 (2014), and MCL 500.3112 to argue that the trial court's decision in *Dawoud* was erroneous, this Court concluded that such reliance was misplaced and not persuasive. *Dawoud*, ___ Mich App at ___ (slip op at 3-4). Specifically, this Court recognized that the text of MCL 500.3112 did not address the issue presented on appeal in *Dawoud*, namely whether a service provider can proceed against an insurer once the injured party's claim is dismissed. *Id*. at ___ (slip op at 4). The *Dawoud* Court also observed that *Wyoming Chiropractic* was not on point, where it merely considered the issue of a service provider's standing to pursue a claim for PIP benefits against an insurer and did not address the issue of whether a service provider's claim ought to be dismissed where the injured party's claim was dismissed for a discovery violation. *Id*. Specifically, the *Dawoud* Court held, in pertinent part, as follows:

These arguments are not persuasive. As already noted, the standing issue in *Wyoming Chiropractic* had little to do with the issue in this appeal. Additionally, the service providers agree that if an injured party's claim fails for "substantive" reasons, the provider is precluded from obtaining PIP benefits. Thus, they inherently recognize that a provider's claim to PIP benefits, at least in some circumstances, *is derivative* of the injured party's claim to PIP benefits. Accordingly, this case boils down to the specific question of whether the dismissal of plaintiffs' underlying claims with prejudice due to discovery

violations should be treated differently than a "substantive" dismissal "on the merits." We hold that it should not be treated differently. [*Id.*]

Observing that the dismissal of the plaintiffs' claims in *Dawoud* for discovery violations amounted to an adjudication on the merits pursuant to the applicable court rule, MCR 2.504(B)(3), the *Dawoud* Court stated, in pertinent part, as follows:

> And, because the [trial] court did not provide otherwise in its order for dismissal, its dismissal of [the] plaintiffs' claims operated as "an adjudication on the merits" with regard to their rights to PIP benefits under the clear language of the applicable court rule[1]. Further, as the service providers have acknowledged, if an insured's claim is substantively barred on the merits, any derivative claims necessarily fail as well. See *Covenant Med Ctr v State Farm Mut Auto Ins Co*, 313 Mich App 50, 54; 880 NW2d 294 (2015); *Moody v Home Owners Ins Co*, 304 Mich App 415, 440-441; 849 NW2d 31 (2014), rev'd on other grounds 499 Mich 211 (2016). [*Dawoud*, ___ Mich App at ___ (slip op at 5).]

Moreover, in *Chiropractors Rehab Group, PC v State Farm Mut Auto Ins Co*, 313 Mich App 113, 126, 130; 881 NW2d 120 (2015), app held in abeyance 882 NW2d 132 (2016), this Court, after carefully reviewing prior case law, held in pertinent part as follows:

> [A] healthcare provider's eligibility to recover medical expenses is *dependent* on the injured party's eligibility for no-fault benefits under the insurance policy.
>
> \* \* \*
>
> *In light of this caselaw, we conclude that a healthcare provider's ability to recover an injured party's medical expenses under the no-fault act is dependent on the injured party's eligibility for no-fault benefits.* [Footnote omitted; emphasis added.]

In *Chiropractors Rehab Group*, a consolidated appeal involving two cases, this Court ultimately concluded that genuine issues of material fact existed to withstand the defendant no-fault insurer's motions for summary disposition pursuant to MCR 2.116(C)(10) on the question of whether the injured parties' were eligible for no-fault benefits under the applicable insurance policies. *Id*. at 135. In *Chiropractors Rehab Group*, the injured parties in the consolidated cases had not submitted to medical examinations (ME) and examinations under oath (EUO). *Id*. at 117, 119. The Court held, in pertinent part, as follows:

> [T]he injured parties' failure to submit to the MEs and EUOs requested by State Farm did not demonstrate that there is no genuine issue of material fact as to whether plaintiffs, as the injured parties' healthcare providers, were entitled to no-

---

[1] MCR 2.504(B)(3)

fault benefits as a matter of law, because the injured parties' failure to comply *does not conclusively establish the ineligibility of the injured parties to PIP benefits* and plaintiffs' related inability to recover payment for services from State Farm. [*Id*. (emphasis added).]

Conversely, in *Chiropractors Rehab Group*, if the injured parties had been ineligible to receive PIP benefits, then the plaintiff would have been precluded from recovering from State Farm as well.

Here, there is no question that Hermez was barred from recovering PIP benefits. Her lawsuit to recover PIP benefits was dismissed in Case No. 13-016116-NF when the court granted defendant's motion for summary disposition. The grant of summary disposition acts as an adjudication on the merits. *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770 (2004) ("[A] summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata."), overruled in part on other grounds *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4; 817 NW2d 562 (2012); see also MCR 2.504(B)(3); *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 296-297; 731 NW2d 29 (2007). Thus, consistent with *Dawoud* and the other cited caselaw, because plaintiffs' claims are derivative and because the underlying claim is barred, plaintiffs' claims against defendant are likewise barred, and the trial court properly granted defendant's motion for summary disposition.[2]

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ David H. Sawyer
/s/ Henry William Saad

---

[2] Because plaintiffs' claims are conclusively barred on this ground, we need not address the trial court's other ground for granting summary disposition—that plaintiffs' claims are barred because they were precluded under the one-year rule in MCL 500.3145(1).