IRON COUNTY v SUNDBERG, CAROLSON & ASSOCIATES, INC

Docket No. 185644. Submitted October 15, 1996, at Marquette. Decided March 4, 1997, at 9:05 A.M.

Iron County brought an action in the Iron Circuit Court against Sundberg, Carlson & Associates, Inc., and Pellow Roofing & Sales, Inc., seeking damages allegedly arising from a defective roof installed at a county medical care facility. The plaintiff alleged in general terms in claims sounding both in contract and in negligence that the damages arose, in part, out of Sundberg's failure to adequately design and oversee the construction of the roof. During discovery, the plaintiff learned that the roof did not comply with the applicable fire code. The plaintiff indicated its intent to use this evidence at the scheduled arbitration hearing to support both its breach of contract and negligence claims. Sundberg objected to plaintiff's use of this newly discovered evidence on the ground that the statute of repose for architects, MCL 600.5839; MSA 27A.5839, barred all allegations not previously pleaded. The arbitrator determined that the plaintiff's claims against Sundberg were sufficiently broad to include the new theory of a fire code violation and that the plaintiff was entitled to use the evidence of violation of the fire code to support its claims against Sundberg. Following an arbitration hearing, the arbitrator entered an award for the plaintiff and against Sundberg for more than $16,666.66, despite Sundberg's objection that the applicable arbitration agreement limited any arbitration award to no more than $16,666.66 where the plaintiff paid a $500 arbitration fee. The arbitrator rejected Sundberg's contention that although the plaintiff paid a $1,000 arbitration fee, which under the arbitration agreement would remove the limitation with respect to size of the award of damages, the limitation should apply with respect to the award against it because one half of the $1,000 paid by the plaintiff applied to the claims that the plaintiff had brought against Pellow. The court, Francis D. Brouillette, J., entered a judgment on the award. Sundberg appealed.

The Court of Appeals *held*:

1. Pleadings of facts in a civil complaint are sufficient under MCR 2.111(B)(1) as long as the complaint contains allegations that are specific enough reasonably to inform an opposing party of the nature of the claim that must be defended. The plaintiff's allegation

of the fire code violation was not a new claim for relief, but was rather an allegation of new evidence supporting the claims that had already been pleaded. Being newly discovered evidence in support of already properly pleaded claims, the use of such evidence was not barred by the statute of repose applicable to architects. To the extent that defendant Sundberg found the pleaded factual allegations supporting the plaintiff's claims to be too general, relief could have been sought by means of a motion for a more definite statement or interrogatories requesting greater factual specificity.

2. The circuit court properly refused to exercise its equitable powers to hold that the plaintiff's claims were untimely brought and barred by the doctrine of laches. The timeliness of the bringing of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts. The question of timeliness includes consideration of the doctrine of laches. The circuit court correctly declined to interfere with the exercise of the arbitrator's discretion.

3. The arbitration agreement does not require the payment of a $1,000 arbitration fee for each claim or each defendant in order to be free of the limitation with respect to the damages that may be awarded. Accordingly, the arbitrator properly held that the plaintiff's payment of a single $1,000 arbitration fee, even though the plaintiff had filed claims and sought arbitration against two defendants, entitled the plaintiff to recover its full damages from Sundberg. The circuit court properly presumed that the arbitrator acted within the scope of its authority in awarding damages without regard to the limitation resulting from the payment of the lesser fee.

4. The arbitrator and the circuit court erred with respect to the calculation of interest payable with respect to the arbitration award. Judgment interest with respect to an arbitration award is to be calculated pursuant to MCL 438.7; MSA 19.4 for the period from the date of the arbitrator's entry of the arbitration award to the date of the filing in the circuit court of a motion to confirm the award and calculated pursuant to MCL 600.6013(5); MSA 27A.6013(5) for the period from the date of the filing of the motion to confirm the award to the date of the satisfaction of the judgment on the award. Accordingly, the matter must be remanded to the circuit court for recalculation of the judgment interest.

Affirmed, but remanded for recalculation of the judgment interest.

1. PLEADING — SUFFICIENCY OF COMPLAINT.

A complaint is sufficient to state a cause of action if it contains allegations that are specific enough reasonably to inform an opposing

party of the nature of the claim that must be defended (MCR 2.111[B][1]).

2. Arbitration — Timeliness — Laches.

The timeliness of the bringing of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts; the question of timeliness includes consideration of the doctrine of laches.

3. Arbitration — Confirmation of Arbitration Awards — Interest on Arbitration Awards.

Judgment interest with respect to an arbitration award is to be calculated pursuant to MCL 438.7; MSA 19.4 for the period from the date of the arbitrator's entry of the arbitration award to the date of the filing in the circuit court of a motion to confirm the award and calculated pursuant to MCL 600.6013(5); MSA 27A.6013(5) for the period from the date of the filing of the motion to confirm the award to the date of the satisfaction of the judgment on the award.

*Clary, Nantz, Wood, Hoffius & Cooper* (by *Robert L. DeJong*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Thomas M. Slavin*), for the defendant.

Before: Gribbs, P.J., and MacKenzie and Griffin, JJ.

Griffin, J. Defendant Sundberg, Carlson & Associates, Inc. (hereinafter defendant), appeals as of right a circuit court judgment confirming an arbitration award in plaintiff's favor. We affirm but remand for recalculation of the judgment interest.

Plaintiff brought this action against defendant for damages allegedly arising from defendant's design and construction oversight of a roof for a county medical care facility. In general terms, plaintiff's complaint alleges claims both of breach of contract and of negligence. For example, in paragraphs thirteen and fourteen the complaint states:

13) That Sundberg, Carlson and Associates, Inc., did breach the contract alleged in that they

a) did fail to properly inspect the building;

b) did fail to analyze the structure for roof selection;

c) did fail to select an adequate roof system;

d) did fail to properly inspect construction;

e) did fail to notify Plaintiff of improper installation.

14) That as a result the shingles on the installed roof are cracking and deteriorating *and Plaintiff has not received the roof for which it bargained* and has suffered losses on the contract in excess of $10,000. [Emphasis added.]

Further, although paragraph ten alleges that the shingles were damaged by distortion, the allegations of damages contained in paragraphs eighteen and twenty-two are broader:

18) That as a result of this breach of duty the Plaintiff now has a roof inadequate to its needs which must be repaired or replaced and has thereby suffered damage in excess of ten thousand dollars.

\*      \*      \*

22) That as a result the Plaintiff must replace or repair the roof and has incurred damages in excess of ten thousand dollars.

During discovery, it was learned from an inspection of the roof by an expert that the roof did not comply with the applicable fire code. Shortly thereafter, plaintiff declared its intention to use this evidence in support of its claims of breach of contract and negligence. Further, plaintiff offered to adjourn an upcoming arbitration hearing and to pay defendant its expenses incurred because of the adjournment. Although the arbitration hearing was thereafter adjourned, defendant did not pursue any further dis-

covery. Instead, defendant objected to plaintiff's use of this newly discovered evidence on the ground that the statute of repose for architects, MCL 600.5839; MSA 27A.5839, barred all allegations not previously pleaded.

On appeal, defendant contends that the arbitrator erred in allowing plaintiff to support its claims of breach of contract and negligence with evidence that the roof failed to comply with the fire code. Defendant argues that plaintiff's previously pleaded claims were too narrow to encompass this evidence. We disagree.

Under Michigan's rule of general fact-based pleading, see MCR 2.111(B)(1), the only facts and circumstances that must be pleaded "with particularity" are claims of "fraud or mistake." MCR 2.112(B)(1). In other situations, MCR 2.111(B)(1) provides that the allegations in a complaint must state "the facts, without repetition, on which the pleader relies," and "the specific allegations necessary reasonably to inform the adverse party" of the pleader's claims. See *Dacon v Transue*, 441 Mich 315, 330; 490 NW2d 369 (1992). A complaint is sufficient under MCR 2.111(B)(1) as long as it "contain[s] allegations that are specific enough reasonably to inform the defendant of the nature of the claim against which he must defend." *Porter v Henry Ford Hosp*, 181 Mich App 706, 708; 450 NW2d 37 (1989); see also *Goins v Ford Motor Co*, 131 Mich App 185, 195; 347 NW2d 184 (1983).

We conclude that plaintiff's allegation of a fire code violation pertaining to the roof was not a new claim for relief. Rather, this evidence constitutes a new theory, learned through discovery, that supports plaintiff's previously pleaded claims. See, generally,

*Derbeck v Ward*, 178 Mich App 38; 443 NW2d 812 (1989); Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.604, p 417. This new theory falls within the scope of the general factual allegations pleaded in support of plaintiff's claims of breach of contract and negligence. Indeed, a roof that does not comply with the fire code is clearly an "inadequate" roof that "must be replaced or repaired." See *Porter, supra* at 709-710; *Reinhardt v Bennett*, 45 Mich App 18, 24-25; 205 NW2d 847 (1973). Thus, because plaintiff is not obligated under MCR 2.111(B)(1) to plead its factual allegations with particularity, plaintiff should not be precluded from supporting its claims with evidence of a fire code violation gleaned through the discovery process. See *Goins, supra* at 195; *Simonson v Michigan Life Ins Co*, 37 Mich App 79, 83; 194 NW2d 446 (1971). To the extent defendant found the pleaded factual allegations supporting plaintiff's claims to be too general, it could have filed a motion for a more definite statement under MCR 2.115(A) or interrogatories requesting greater factual specificity regarding plaintiff's claims.[1]

---

[1] We disagree with defendant's contention that plaintiff limited its claims by its answers to interrogatories regarding damages. Although in response to interrogatory number eight plaintiff notes the raising, buckling, and flexing of the shingles, plaintiff's answer also states that "cost is unknown at this time—depending upon what is involved to correct the problem." Further, the question and answer to interrogatory number ten are as follows:

*Q.* State the amount in dollars and cents of the claimed damage or attach detailed estimates showing the amount estimated to repair the claimed damages.

*A.* Depends upon the work and materials required to remedy problem. Total cost is unknown at this time.

Accordingly, we hold that the statute of repose, MCL 600.5839; MSA 27A.5839, did not bar plaintiff's proofs concerning the factual issue of a fire code violation because such evidence was relevant and material to plaintiff's previously pleaded claims of breach of contract and negligence. Therefore, we affirm the decision of the lower court with regard to this issue.

Defendant also argues that the trial court should have used its equitable powers over an arbitration proceeding, see MCL 600.5035; MSA 27A.5035, to rule that plaintiff's claims were barred by the doctrine of laches. We disagree. "[T]he timeliness of the bringing of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts." *Bennett v Shearson Lehman-American Express, Inc*, 168 Mich App 80, 83; 423 NW2d 911 (1987). The question of timeliness includes consideration of the doctrine of laches. See *Said v Rouge Steel Co*, 209 Mich App 150, 155; 530 NW2d 765 (1995). Therefore, we conclude that the decision whether to apply the doctrine of laches was within the arbitrator's discretion, and the trial court correctly declined to interfere with the exercise of the arbitrator's discretion.

Next, defendant claims that the arbitrator exceeded its authority in awarding plaintiff $196,509.66, because the applicable arbitration agreement provides that, when a plaintiff pays only a $500 arbitration fee, the arbitrator may set damages no higher than $16,666.66. We disagree. Although plaintiff paid the $1,000 arbitration fee that removes the ceiling on damages, defendant Sundberg contends that the ceiling still applies because half of plaintiff's $1,000 fee applied to plaintiff's claim against a codefendant, Pellow Roof-

ing & Sales, Inc. However, the arbitration agreement does not establish that a $1,000 fee must be paid with respect to each claim or each defendant in order to avoid the limitation concerning damages. Accordingly, the lower court correctly presumed that the arbitrator acted within the scope of its authority in concluding that plaintiff's payment of a single $1,000 fee removed the limitation regarding damages for all of plaintiff's claims. See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

Finally, defendant argues that, because there was an arbitration agreement, MCL 438.7; MSA 19.4 governs the award of judgment interest from the date of the entry of the arbitrator's award to the date that the motion to confirm the award was filed with the court. Defendant argues that after that date, the fluctuating judgment interest rate applies. We agree. This issue was addressed in *Gordon Sel-Way, supra* at 510-511. Defendant was entitled to a five percent interest rate from December 21, 1994 (the date of the arbitration award) to February 13, 1995 (the date of the filing of the motion to confirm the arbitration award). Thereafter, the interest rate should have been determined by MCL 600.6013(5); MSA 27A.6013(5).

We affirm the circuit court's judgment confirming the arbitration award but remand for recalculation of the judgment interest. We do not retain jurisdiction.