*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RASHAUD CHARLE ROBINSON-COOPER,

Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 340392
Wayne Circuit Court
LC No. 17-006680-01-FH

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Following a bench trial, the trial court convicted defendant of misdemeanor stalking in violation of MCL 750.411h. Defendant contends that the prosecutor presented insufficient evidence that he engaged in "a series of 2 or more noncontinuous acts" or that the victims suffered "emotional distress." His challenge lacks merit and we affirm.

## I. BACKGROUND

Defendant's conviction arose from his harassment of Christopher and Stacey Nash. The trio had previously been friends, but defendant's disrespect of Stacey led Christopher to end the relationship. Shortly thereafter, defendant began a deliberate course of conduct—driving past the Nashes' home at a high rate of speed, repeatedly and at all hours of the day and night. On one occasion, defendant drove over the curb onto the berm in front of the Nashes' house. On another, he parked outside at 3 a.m., frightening Stacey who had awoken to feed her infant daughter. On yet another occasion, someone broke Christopher's windshield and he believed defendant was the culprit. On December 29, 2016, the Nashes had enough. While Stacey was outside with their children, defendant sped back and forth past their house at a high rate of speed, radio blaring. Defendant yelled out, "[Y]'all mother fuckers better move." The Nashes contacted the police.

## II. SUFFICIENCY OF THE EVIDENCE

We review de novo a criminal defendant's challenge to the sufficiency of the evidence supporting his conviction. *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120

(2010). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [we] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and quotation marks omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 869 (1993).

The prosecutor charged defendant with stalking and harassment in violation of MCL 750.411h, which provides:

As used in this section:

(a) "Course of conduct" means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose.

(b) "Emotional distress" means significant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling.

(c) "Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

(d) "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(e) "Unconsented contact" means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:

(*i*) Following or appearing within the sight of that individual.

(*ii*) Approaching or confronting that individual in a public place or on private property.

(*iii*) Appearing at that individual's workplace or residence.

(*iv*) Entering onto or remaining on property owned, leased, or occupied by that individual.

\* \* \*

(f) "Victim" means an individual who is the target of a willful course of conduct involving repeated or continuing harassment.

The prosecutor presented sufficient evidence to support that defendant engaged in "a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose." MCL 750.411h(1)(a). Although the statute does not define this phrase, these terms are not technical and this Court looked to dictionary definitions in *Pobursky v Gee*, 249 Mich App 44, 47; 640 NW2d 597 (2001). To satisfy the statute, a defendant must engage in 2 or more acts that are "detached" from each other or "distinct." *Id*. Although the Nashes did not contact the police after each act, their testimony supported that defendant engaged in several acts over a six-month period. They described at least three incidents with great specificity. Accordingly, the prosecutor presented sufficient evidence to satisfy this element.

The prosecution also presented sufficient evidence to support that the Nashes suffered emotional distress. Stacey described her concern on finding defendant parked outside her home at 3 a.m. when she woke to feed her baby. Her testimony about defendant's continuing conduct reflected "exasperat[ion]" as found by the trial court. Moreover, the Nashes' children were outside "on a scooter" during the final incident and Stacey had to rush them into the home. Stacey indicated that she "was really mad" and "scared too" because her small children were outside. Christopher, too, expressed fear and distress. He "was angry" about defendant's conduct given their prior relationship. He was distressed about the final incident because "you don't do nothing like this. Like, it's kids and a woman out there. What can they do to defend themselves."

The prosecutor presented sufficient evidence to support those elements challenged by defendant. Accordingly, he is not entitled to relief.

We affirm.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher