*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BS,

Petitioner-Appellee,

v

JB,

Respondent-Appellant.

UNPUBLISHED
December 19, 2019

No. 346306
Iosco Circuit Court
Family Division
LC No. 18-001137-PH

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's October 18, 2018 order denying his motion to terminate a personal protection order (PPO) entered in favor of petitioner, BS. On appeal, respondent argues that the grounds for the PPO were based on constitutionally protected expression. We conclude that respondent cannot demonstrate plain error and affirm.

Respondent and BS were friends before falling out over an automobile race during which BS's driver "spun out" respondent's driver, leading to animosity between BS, respondent, and their families. Thereafter, respondent sent BS a series of harassing text messages. BS characterized respondent's texts as non-threatening and akin to "trash-talk" between sporting rivals. However, BS indicated that the text messages were unwanted and respondent had tried to get him "riled up."

On May 26, 2018, both parties attended a race at the Whittemore Speedway. While BS was working on a car in a pit area, respondent was driving past BS when respondent slowed down and raised his middle finger at BS while respondent's brother-in-law laughed from the back seat. Respondent then continued approximately 300 to 400 feet down the track to his son's designated pit to work on a car. BS went near respondent's son's pit and an argument ensued. The argument escalated into a physical altercation with respondent and others. At some point, BS shoved his finger into respondent's eye and respondent bit BS's cheek.

The circuit court granted BS's petition for an ex parte PPO on May 29, 2018. Two days later, respondent filed a motion to terminate the PPO, claiming that BS "took a lot of the stuff [h]e did and said I did it." At the hearing, respondent's counsel argued that BS had failed to

-1-

demonstrate that there was a pattern of two or more threatening or harassing incidents. The court concluded that there were two incidences supporting the PPO occurring on the same day and that there was thus a reason for the PPO's continuation. First, the court determined that, before the physical altercation, "there was driving around and taunting, flipping off." Second, it determined that respondent bit BS. The circuit court also determined that, based on the previous race and the text messages, there was "a taunting that has been established." Thus, it denied respondent's motion to terminate and continued the PPO until May 29, 2019.[1] The circuit court also concluded that respondent violated the terms of the PPO when he mailed BS his motion to terminate, but it did not sanction him for the violation.

## I. STANDARD OF REVIEW

Below, respondent failed to object on the ground, or otherwise argue, that his use of the middle finger was constitutionally protected expression under the First Amendment. Accordingly, we review respondent's unpreserved claim of constitutional error for plain error affecting his substantial rights. *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 404 (2013). Generally, an error affects substantial rights when it causes prejudice by affecting the outcome of the proceedings. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 381; 808 NW2d 511 (2011).

## II. ANALYSIS

For a court to issue a PPO under MCL 600.2950a(1), the petitioner must allege "two or more separate noncontinuous acts" of stalking under MCL 750.411h, which are "distinct from one another [and] are not connected in time and space." *Pobursky v Gee*, 249 Mich App 44, 47; 640 NW2d 597 (2001). Stalking is "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually cause the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411h(1)(d). In turn, harassment is defined as:

> conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose. [MCL 750.411h(1)(c).]

---

[1] The expiration of a PPO during the pendency of an appeal does not render the appeal moot. *TM v MZ*, 501 Mich 312, 319-320; 916 NW2d 473 (2018) ("We conclude that identifying an improperly issued PPO as rescinded is a live controversy and thus not moot. A judgment here can have a 'practical legal effect' . . . because if the Court concludes that the trial court should never have issued the PPO, respondent would be entitled to have [Michigan Law Enforcement Network] reflect that fact.").

Here, we need not address respondent's constitutional challenge because he cannot demonstrate that the circuit court's alleged error affected his substantial rights. See *Huntington Nat'l Bank*, 292 Mich App at 381. Specifically, the circuit court based its ruling on three incidents of "harassment"—respondent's middle finger gesture, respondent's bite, and respondent's numerous text messages. Respondent has failed to contest two of these incidents on appeal. Although the text messages were non-threatening, BS classified them as harassing and respondent does not dispute this characterization. Thus, even assuming that respondent's middle finger gesture was protected conduct under the First Amendment, respondent cannot demonstrate that the circuit court's ruling prejudiced him because there remained two uncontested, independent grounds for denying his motion to terminate the PPO. Accordingly, respondent cannot demonstrate plain error.

Affirmed.

/s/ Anica Letica
/s/ Michael F. Gadola
/s/ Thomas C. Cameron