*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VERITAS AUTOMOTIVE MACHINERY, LLC,

Plaintiff-Appellee,

v

FCA INTERNATIONAL OPERATIONS, LLC,
formerly known as CHRYSLER GROUP
INTERNATIONAL, LLC,

Defendant-Appellant.

FOR PUBLICATION
January 28, 2021
9:30 a.m.

No. 346985
Oakland Circuit Court
LC No. 2017-161307-CB

Before: TUKEL, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

Defendant FCA International Operations LLC, formerly known as Chrysler Group International, LLC, appeals by leave granted[1] the trial court's opinion and order denying its motion for summary disposition under MCR 2.116(C)(8). Specifically, defendant argues that two of plaintiff Veritas Machinery, LLC's claims—one under the federal Automobile Dealer's Day in Court Act (ADDCA), 15 USC 1221 *et seq.*, and another under Michigan's Motor Vehicle Franchise Act (MVFA), MCL 445.1561 *et seq.*—each failed to state a claim upon which relief could be granted. Defendant's argument in this regard primarily focuses on its assertion that plaintiff is a "foreign dealer" for purposes of both acts. We agree in part and disagree in part with defendant. The trial court did not err when it denied summary disposition to defendant as to plaintiff's ADDCA claim, but it did err by denying defendant's motion for summary disposition as to its MVFA claim. We affirm in part and reverse in part, and remand for further proceedings.

---

[1] See *Veritas Auto Machinery LLC v FC Int'l Operations LLC*, unpublished order of the Court of Appeals, entered May 2, 2019 (Docket No. 346985).

# I. UNDERLYING FACTS

Plaintiff is a Delaware limited liability company with a principal place of business in Southfield, Michigan. Plaintiff alleged that it was "engaged in the sale and service of new and used . . . motor vehicles and the sale of vehicle parts manufactured by [defendant]." On September 1, 2008, plaintiff and defendant entered into a written distributor agreement "for an initial fixed term of five years." According to plaintiff, it distributed defendant's products "on the ground in Iraq;" it "invested nearly $60,000,000.00 on land for a dealership, inventory, and personnel;" and "[s]ince the inception of the [distributor agreement]," had "endured bombings; the constant threat of violence; communication disruptions; and every other imaginable obstacle that could be encountered in a third-world country that recently escaped the grips of a brazen dictatorship and is still dealing with the consequences of ongoing sectarian violence and terrorism."

Plaintiff alleged that it did very well for defendant under the agreement. The parties amended the agreement on May 30, 2012. According to that amendment, the parties' agreement was to expire in August 2013 unless plaintiff satisfied three prerequisites, although the parties dispute whether plaintiff did, in fact, meet those requirements. In any event, defendant terminated the agreement, which led plaintiff to file this lawsuit. Importantly for this case, plaintiff alleged that defendant violated the ADDCA and the MVFA when it terminated the agreement. The complaint did not expressly allege, although it seems to be assumed by all parties, that all of plaintiff's motor vehicle sales took place in Iraq.

Defendant moved for summary disposition under MCR 2.116(C)(8), arguing in relevant part that, as a matter of law, plaintiff was not entitled to the protections afforded under the ADDCA and the MVFA because it was a "foreign dealer." In response, plaintiff pointed to its complaint's allegation that it was not a foreign dealer, as it was a Delaware limited liability company with a principal place of business in Southfield, Michigan; plaintiff also cited the distribution agreement's title page, which reflected the same information (although with a former address for its principal place of business in Southfield).

The trial court ultimately denied defendant's motion. Regarding the ADDCA claim, the trial court emphasized that the act defined an automobile dealer as including any "form of business enterprise *resident in the United States*." The trial court determined that it could not "conclude on the basis of the allegations alone that Plaintiff was not 'resident in the United States.' " Accordingly, the court held that defendant was not entitled to summary disposition on plaintiff's claim under the ADDCA.

Regarding the MVFA claim, the trial court found "that the Complaint does allege facts demonstrating that Plaintiff has an established place of business in Michigan" and thus was a "new motor vehicle dealer" under the act. Therefore, the trial court concluded, "Plaintiff is entitled to bring suit under the Michigan Motor Vehicle Dealer Franchise Act." In reaching this conclusion, the trial court was persuaded by the fact that the MVFA merely provided that plaintiff's "principal place of business" *may* display and repair motor vehicles, which, it opined, allowed but did not require the dealer to display and repair vehicles. This appeal followed.

## II. STANDARD OF REVIEW

MCR 2.116(C)(8) mandates summary disposition if "[t]he opposing party has failed to state a claim on which relief can be granted." *Harbor Watch Condo Ass'n v Emmet Co Treasurer*, 308 Mich App 380, 384; 863 NW2d 745 (2014).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999) (quotation marks and citations omitted).]

Thus, "[a] party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions." *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010).[2] That being said, when a contract is attached to a pleading it "becomes part of the pleadings themselves, even for purposes of review under MCR 2.116(C)(8)." *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007). "Conclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 272; 671 NW2d 125 (2003). Finally, because a motion under MCR 2.116(C)(8) is based on the pleadings, discovery is not a consideration when a court determines whether to grant the motion. See *Maiden*, 461 Mich at 119-120.[3]

This Court likewise reviews de novo a circuit court's interpretation and application of state and federal legislation. *PNC Nat'l Bank Assn v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009); *Selflube, Inc v JJMT, Inc*, 278 Mich App 298, 306; 750 NW2d 245 (2008). This Court and the Michigan Supreme Court have described the rules of statutory construction as follows:

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank*

---

[2] Plaintiff attached an affidavit to its response from one of its principals (who is possibly its only principal). As noted, the posture of this case makes it impermissible to consider an affidavit, and we therefore do not address the affidavit in this opinion.

[3] Indeed, our Supreme Court recently reversed a decision of this Court to remand for additional discovery to determine "the nature of plaintiff's claims, which must be ascertained from the complaint itself[.]" *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018).

*Ass'n*, 285 Mich App at 506, quoting *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).]

"Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *In re Smith Estate*, 252 Mich App 120, 124; 651 N2d 153 (2002). Finally, "[w]hen considering the correct interpretation, the statute must be read as a whole." *Mich Properties, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012).

## III. AUTOMOBILE DEALER'S DAY IN COURT ACT

Defendant argues that the trial court erred by denying its motion for summary disposition under the ADDCA. We disagree.

A cause of action under the ADDCA has the following elements: (1) the plaintiff must be an automobile dealer; (2) the defendant must be an "automobile manufacturer" engaged in commerce; (3) there must be a manufacturer-dealer relationship embodied in a written franchise agreement; and (4) the plaintiff must have been injured by the defendant's failure to act in good faith. *Maschio v Prestige Motors*, 37 F3d 908, 910 (CA 3, 1994), citing 15 USC § 1222. Plaintiff's complaint alleged that it was a Delaware LLC with its principal place of business in Michigan. Plaintiff also alleged that it was "engaged in the sale and service of new and used . . . motor vehicles and the sale of vehicle parts manufactured by [defendant]." There is no dispute that, as a manufacturer and seller of vehicles and vehicle parts, defendant is "engaged in commerce." Further, plaintiff stated that it entered into a written agreement with defendant "for an initial fixed term of five years[,]" and attached to its complaint the parties' agreement, which then became part of plaintiff's pleadings for the purpose of summary disposition. See *Laurel Woods Apartments*, 274 Mich App at 635. Finally, plaintiff alleged that defendant wrongfully terminated the agreement in violation of the ADDCA and provided specific examples of what plaintiff alleged to be defendant's failure to act in good faith. The only element as to which there was a dispute regarding the sufficiency of the allegations was whether plaintiff was an "automobile dealer" for purposes of the ADDCA.

Defendant argues that, as a matter of law, plaintiff cannot be an "automobile dealer" under the act, because the complaint alleged that the conduct at issue occurred in Iraq. The ADDCA defines "[t]he term 'automobile dealer' " as "any person, partnership, corporation, association, or other form of business enterprise resident in the United States or in any Territory thereof or in the District of Columbia operating under the terms of a franchise and engaged in the sale or distribution of passenger cars, trucks, or station wagons." 15 USC 1221(c). Thus, the relevant issue here is whether plaintiff is "resident in the United States," a term which is not statutorily defined.

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. Because courts have not construed the term, the term "resident in the United States" has not acquired any technical legal meaning, and thus this Court must interpret it according to its common and approved usage, and a court may "rely on a dictionary for a definition of words that are not defined in the statute." *Pobursky v Gee*, 249 Mich

App 44, 46; 640 NW2d 597 (2001). The general definition of the word "resident" is "a person who resides in a place" or "residing; dwelling in a place." *Random House Webster's College Dictionary* (1991). Because defendant's motion was filed under MCR 2.116(C)(8), our analysis as to whether plaintiff was "resident in the United States," is limited to determining whether plaintiff's complaint alleged that it was. See *Dalley*, 287 Mich App at 304-305.

Plaintiff alleged that it "is a Delaware limited liability company whose principal place of business is located at 29580 Northwestern Hwy., Suite 1000, Southfield, Michigan 48034." As we must accept these representations as true, it is clear that the complaint alleges that plaintiff was "resident in the United States."

Defendant also argues, correctly, that it is presumed that when Congress enacts legislation, it intends for the legislation to have force only in the United States, i.e., it is presumed not to have extraterritorial effect. See *Morrison v Nat'l Australia Bank Ltd*, 561 US 247, 255; 130 S Ct 2869; 177 L Ed 2d 535 (2010) (quotation marks and citation omitted) (unless a contrary intention appears, congressional legislation is meant to "apply only within the territorial jurisdiction of the United States."). Moreover, the presumption against extraterritoriality is just that, a presumption. If the facts establish that resolution of the instant dispute would require the extraterritorial application of the ADDCA, plaintiff would bear the burden of showing that the language, purpose, subject matter, or history of the ADDCA clearly expresses congressional intent that the statute have effect outside the territorial jurisdiction of the United States. See *Morrison*, 561 US at 266; 130 S Ct 2869 (acknowledging that the presumption against extraterritoriality often is not dispositive, requiring a consideration of the focus of the legislation to determine precisely what it regulated and whether the conduct alleged fell within the statute's purview); *United States v Abu Khatallah*, 151 F Supp 3d 116, 124 (DDC, 2015) ("[T]he burden of making the necessary affirmative showing is on the party seeking to apply a statute extraterritorially."). Employing the presumption against extraterritoriality at this point to bar plaintiff's claim would deprive plaintiff of the opportunity to rebut the presumption.

The pleadings alone do not establish the facts necessary to determine whether application of the ADDCA in this case would be extraterritorial. The applicability of the ADDCA requires the existence of a manufacturer-dealer relationship created by a written agreement. *Lewis v Chrysler Motors Corp*, 456 F2d 605 (CA 8, 1972); *Stansifer v Chrysler Motors Corp*, 487 F 2d 59 (CA 9, 1973). The distribution agreement between plaintiff and defendant created the requisite relationship. Viewing the pleadings and inferences in the light most favorable to plaintiff, as this Court is required to do for purposes of a motion under MCR 2.116(C)(8), see *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012); *Gorman v American Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013), it is reasonable to infer that the business relationship arose in Michigan. It also is reasonable to infer that any breach which might have occurred would have taken place in Michigan, even if a breach was based on plaintiff's conduct in Iraq; as such, application of the ADDCA arguably would not be extraterritorial. See *Sexton v Ryder Truck Rental, Inc*, 413 Mich 40, 438-439; 320 NW2d 843 (1982) (holding that where a statute aims to regulate a relationship, and the relationship arose in Michigan and was breached in Michigan, application of the statute to conduct that occurred outside of Michigan does not constitute extraterritorial application).

In addition, it is not clear from plaintiff's factual allegations that its operations in Iraq were such as to bar it from the protections of the ADDCA. According to the parties' distributor agreement, plaintiff could work directly or through an authorized dealer, or both. Section 5.3 of the distributor's agreement is entitled "Authorized Resellers" and addresses, among other things, the requirements an acceptable authorized dealer must meet; plaintiff's obligation to provide defendant with certain information about authorized resellers and to seek defendant's confirmation before appointing an authorized reseller; and plaintiff's obligation to have written agreements with its authorized resellers that mirror plaintiff's distributor agreement with defendant. Further, the agreement between the parties requires plaintiff to:

> (i) provide its Authorized Resellers with appropriate supervision and training;

> (ii) actively monitor the performance by each Authorized Reseller of its agreements with [plaintiff] and enforce each Authorized Reseller's obligations under such agreements; and

> (iii) use its best efforts to put into place and maintain, and to assist its Authorized Resellers in putting into place and maintaining, effective inventory and retail sale refinancing programs.

Thus, the parties' distribution agreement allowed plaintiff to select and appoint authorized resellers, and imposed on plaintiff certain responsibilities to ensure the operational success of its authorized resellers. Given these responsibilities, and viewing plaintiff's allegation in the light most favorable to plaintiff, it is not clear that plaintiff's allegations about its activities in Iraq refer to direct action or action through its authorized resellers in fulfillment of its responsibilities under the distributor agreement with defendant and any separate written agreements that may have existed with authorized resellers. To be sure, plaintiff does not specifically allege that it appointed and acted through authorized resellers, but it did not have to do so in order to sufficiently state a claim for which relief could be granted. However, viewing plaintiff's allegations in the light most favorable to plaintiff militates against assuming that plaintiff did not enter into agreements with authorized resellers separate from its agreement with defendant, which forms the basis of its ADDCA claim. In other words, there is too little factual information to conclude at this point that the presumption against extraterritoriality bars plaintiff's claim against defendant under the ADDCA.

## IV. MOTOR VEHICLE FRANCHISE ACT

Defendant argues that the trial court erred by denying its motion for summary disposition under the MVFA. We agree. Although defendant moved for summary disposition under 2.116(C)(8), we conclude the proper rule actually is MCR 2.116(I)(1). See *Wickings v Arctic Enterprises*, *Inc*, 244 Mich App 125, 147; 624 NW2d 197 (2000) ("An order granting summary disposition under the wrong court rule may be reviewed under the correct rule.") (quotation marks and citation omitted).

The parties' dispute with regard to the MVFA turns on whether plaintiff is a "new motor vehicle dealer," which is defined in part as a "person, including a distributor" that has an "established place of business in this state." MCL 445.1565(2). For purposes of the MVFA, an

"established place of business" means a permanent, enclosed commercial building located in this state that is easily accessible and open to the public at all reasonable times and at which a new motor vehicle dealer may legally conduct business, including the display and repair of motor vehicles, in compliance with the terms of all applicable building codes, zoning, and other land-use regulatory ordinances.  MCL 445.1563(2).

Michigan is a notice-pleading jurisdiction, which means that a complaint is required to contain only enough information "reasonably to inform the defendant of the nature of the claim against which he must defend." *Iron Co v Sundberg, Carlson & Assoc, Inc,* 222 Mich App 120, 124; 564 NW2d 78 (1997) (quotation marks and citation omitted).  Plaintiff alleged in its complaint that it had "fully and substantially complied with reasonable and lawful requirements of the [parties'] Agreement;" that defendant's "notice of termination [was] defective under the provisions of MCL 445.1567;" and that defendant's termination of the parties' agreement was "pretextual and without good cause."  This is sufficient to "reasonably . . . inform the defendant of the nature of the claim against which [it] must defend." *Iron Co*, 222 Mich App at 124 (quotation marks and citation omitted).  In other words, defendant was not required to affirmatively allege in its complaint that it had the legal capacity to display and repair motor vehicles in Michigan.

There is no apparent factual dispute that plaintiff has "a permanent enclosed commercial building" located in Michigan that is "easily accessible and open to the public at all reasonable times."  The parties' dispute revolves around the meaning of the phrase, "may legally conduct business, including the display and repair of motor vehicles, in compliance with the terms of all applicable buildings codes, zoning, and other land-use regulatory ordinances."  This phrase plainly means that plaintiff must have the lawful authority to conduct business at its commercial building, which at a minimum must permit "the display and repair of motor vehicles."  The statute then goes on to provide that if such minimum requirements are met, it is permissible but not mandatory for the person or entity to conduct other business activity at the same location (for example, advertising and financing, as is common for new vehicle dealerships).  A plain reading of the express language of the statute makes that point clear.  In addition, construing the statute as a whole, *Mich Properties, LLC v Meridian Twp*, 491 Mich at 528, it is apparent that the point of the statute is to regulate the relationship of motor vehicle manufacturers and retailers in Michigan.[4]  Reading the statute to apply to a person or entity which is not engaged in the sale or repair of motor vehicles in Michigan runs counter to the Legislature's express purposes.

Plaintiff has conceded, both below and on appeal, that it did not and could not lawfully display and repair motor vehicles at its Michigan facility.  Thus, while the trial court properly denied defendant's motion under MCR 2.116(C)(8) based on the pleadings (and agreement) alone, because plaintiff concedes that it cannot factually satisfy the statutory requirements of MCL 445.1563(2) under what we conclude is its proper interpretation, the trial court should have dismissed plaintiff's MVFA claim pursuant to MCR 2.116(I)(1) ("If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there

---

[4] The statute expressly precludes application "to dealers located outside the State of Michigan."  MCL 445.1582.

is no genuine issue of material fact, the court shall render judgment without delay."). *Wickings*, 244 Mich App at 147.

## V. CONCLUSION

The trial court did not err by denying defendant's motion for summary disposition as to plaintiff's ADDCA claim, but it incorrectly denied defendant's motion for summary disposition as to plaintiff's MVFA claim. We remand for the trial court to enter an order granting summary disposition to defendant regarding plaintiff's MVFA claim, and for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. We do not award costs, as neither party has prevailed in full.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Jane M. Beckering